MARVIN, Judge.
In this action for damages arising out of a motor vehicle collision, the trial court granted a motion for summary judgment made by the individual owner-president of the defendant corporation that owned the truck and employed the truck driver involved in the accident with plaintiff. Plaintiff appeals the summary judgment dismissing his demands against the individual defendant. We reverse and remand.
The motion for summary judgment was filed in late 1980. Before that time, plaintiff, in a supplemental petition, had added the corporate owner as a defendant, generally alleging that the corporation was thin, undercapitalized, underinsured, and was the alter ego of the corporate owner. The corporate owner supported his motion for summary judgment with affidavits and documents establishing that the corporation had been chartered, had filed an initial report, had done business as a corporation, and had filed income tax returns for the years 1975 through 1980. Plaintiff did not file counter affidavits, but was allowed to file another supplemental and amending petition on the date the motion for summary judgment was heard and before the motion was granted.
Plaintiff’s supplemental and amending petition alleged specific facts to the effect that regular director’s meetings were not held, minutes were not kept, proper resolutions were not passed to conduct corporate business, annual reports were not filed, corporate funds were not separated and were comingled with personal funds, and that the individual defendant treated corporate funds as his own.
A genuine issue of fact exists where factual allegations are made, either in original or in supplemental pleadings, and are not answered by the mover for summary judgment. See Montgomery v. Vantiger, 340 So.2d 390 (La.App. 2d Cir. 1976). The determination in summary judgment cases does not concern how the factual merits might eventually be resolved, but whether the factual issue exists. Page v. American Motorist Ins. Co., Ltd., 381 So.2d 889 (La.App. 2d Cir. 1980). Plaintiff’s supplemental specific allegations raise factual issues which are genuine and which are not addressed by the motion for summary judgment. Under these circumstances, the trial court erred in granting the motion for summary judgment. CCP 966. See Brinkley v. Murrell Enterprises, Inc., 389 So.2d 435 (La.App. 2d Cir. 1980).
At appellee’s cost, summary judgment is reversed and this case is remanded for further proceedings.