654 So.2d 735 (1995)
PINE TREE ASSOCIATES
v.
DOCTORS' ASSOCIATES, INC.
No. 94 CA 1193.
Court of Appeal of Louisiana, First Circuit.
April 7, 1995.
Rehearing Denied May 25, 1995.
*736 James E. Moorman, Mandeville, for plaintiff-appellant Pine Tree Associates.
Daniel K. Rester, Baton Rouge, for defendant-appellee Doctors' Associates, Inc.
Before FOIL, WHIPPLE and KUHN, JJ.
KUHN, Judge.
Plaintiff-appellant, Pine Tree Associates ("Pine Tree"), appeals the judgment of the trial court which granted the motion for summary judgment filed by defendant-appellee, Doctors' Associates, Inc. ("Doctors"). We reverse.

I. FACTS
Pine Tree, a Louisiana partnership, through its legal representative, MBI Management, filed suit naming Doctors as defendant. Pine Tree alleges that: 1) Doctors is a Florida corporation doing business in Louisiana as Subway Equipment Leasing Incorporated; Subway Sandwich Shops, Inc.; Subway Systems, Incorporated; Subway Management Incorporated; Subway International Incorporated; Subway Worldwide, Incorporated; Subway, Incorporated; Subway Restaurants, Incorporated ("SRI"); and Subway Real Estate Corporation; 2) on December 20, of 1988, Pine Tree, through its then legal representative, The Mitchell Company, entered into a contract of lease with Doctors, d/b/a Subway Restaurants, Incorporated, for a certain premises; 3) Doctors has breached its obligations under the lease by its failure to timely pay rent and by vacating the premises; and 4) the defendant owes rental payments and other charges under the terms of the lease totalling $148,846.96. Pine Tree also maintains in its petition that amicable demand was made to no avail, that a default judgment was subsequently obtained by Pine Tree against Subway Restaurants, Inc., in the matter captioned "Mitchell Company versus Subway Restaurants, Inc., 22nd JDC No. 64447 Division F," but that Subway Restaurants, Inc., has "refused to fulfill its obligation under the judgment."
Pine Tree also sets forth the following pertinent allegations in its petition:
VIII.
Petitioner avers that [Doctors] regularly conducts business in this State, through one of the above named entities. The purpose of disguise is to shield [Doctors] from any and all liability.
IX.
Petitioner avers that [Doctors] routinely enters into business transactions utilizing the name of one of the foregoing entitles [sic] and then should it decide not to live *737 up to its contractual obligation, it routinely defaults on its obligations and shields itself behind one of these shell corporations.
X.
Petitioner avers that [Doctors] regularly satisfies the obligations of Subway Restaurants, Inc.
XI.
Petitioner avers that Subway Equipment Leasing, Inc., Subway Management, Inc., Subway International, Inc., Subway Worldwide, Inc., Subway, Inc., Subway Restaurants, Inc. and Subway Real Estate Corp. are the alteregos (sic) of [Doctors].
Doctors filed a motion for summary judgment claiming it was not a party to the lease agreement, which was executed between Pine Tree and SRI. Doctors represented that it is a corporate franchisor which issues franchises for Subway Sandwich Shops. Doctors also asserted that SRI was the company that actually negotiated and executed the lease with Pine Tree's representative, The Mitchell Company, and further argued that a provision within the lease clearly provided for a sublease to a licensee of Doctors. Based on this lease provision, Doctors argued, it was clear that SRI and Doctors were two separate corporations. Doctors claimed that the alter ego theory should not be applied in this case since it involves a contractual dispute. In the absence of fraud allegations in a case involving a contractual dispute, Doctors contended that the parties are bound by the terms of the contract and cannot invoke the alter ego doctrine.
In support of its motion, Doctors filed the articles of incorporation for both Doctors and SRI; various reports from both Doctors and SRI, dated during 1988 through 1992, and entitled "Unanimous Consent of Shareholders In Lieu of Annual Meeting," pursuant to which the companies elected officers and directors and conducted other corporate business; tax returns for SRI and Doctors for the years 1988 through 1991; the Management Agreement entered into between Mitchell Company and Pine Tree; and the lease agreement executed between SRI and Pine Tree.
In response to Doctors' motion for summary judgment, Pine Tree argued that the law does not require that allegations of fraud be made in a case involving a contractual dispute in order to apply the alter ego doctrine. Pine Tree contended that based on the totality of the circumstances, the court could find that SRI is the alter ego of Doctors and pierce the corporate veil to impose liability for SRI's obligations on Doctors and that, therefore, there is a genuine issue of material fact as to whether Subway is the alter ego of Doctors.
In oral reasons for judgment, the trial court found that Pine Tree, The Mitchell Company and SRI were represented by sophisticated businessmen. The trial court determined that the record established that the original lessee in the case was not financially strong and that Pine Tree could have obtained information from SRI regarding its financial status. The court concluded that this apparently was not done or if it was done, the financial information was not closely reviewed. Based on this reasoning, Doctors' motion for summary judgment was granted.[1] Pine Tree appealed. Its sole assignment of error is that the trial court erred in granting Doctors' motion for summary judgment since the pleadings and discovery filed readily demonstrate that there exists a genuine issue of material fact as to whether Subway is the alter ego of Doctors.

II. ANALYSIS
Corporations are generally recognized as distinct legal entities, separate from the individuals who comprise them. Riggins v. Dixie Shoring Co., Inc., 590 So.2d 1164, 1167 (La.1991). The legal fiction of a distinct corporate entity may be disregarded when a corporation is so organized and controlled as to make it a mere instrumentality or adjunct *738 of another corporation. If one corporation is wholly controlled by another, the fact that it is a separate entity does not relieve the latter from liability. In that situation, the former corporation is considered to be the alter ego or business conduit of the latter. Courts can pierce the veil of a corporation in order to reach the "alter egos" of the corporate defendant. Green v. Champion Ins. Co., 577 So.2d 249, 257 (La.App. 1st Cir.), writ denied, 580 So.2d 668 (La.1991).
Where two or more corporations operate a single business, the courts have been unwilling to allow affiliated corporations that are not directly involved to escape liability simply because of the business fragmentation. Id.; Lucey Manufacturing Corporation v. Oil City Iron Works, 15 La.App. 12, 131 So. 57, 61 (2d Cir.1930). In addition to using a "piercing the veil" theory to disregard a corporate identity, the "single business enterprise" or "instrumentality" theory has been employed to extend liability beyond a separate entity. Green v. Champion Ins. Co., 577 So.2d at 257.
In Green, this court found that an insurance company and several related entities were a "single business enterprise," thereby allowing the liquidator to assert control over the assets of the affiliated entities during the liquidation proceedings of the insurance company. The court used the following pertinent analysis:
When determining whether a corporation is an alter ego, agent, tool or instrumentality of another corporation, the court is required to look to the substance of the corporate structure rather than its form. The following factors have been used to support an argument that a group of entities constitute a "single business enterprise":
1. corporations with identity or substantial identity of ownership, that is, ownership of sufficient stock to give actual working control;
2. common directors or officers;
3. unified administrative control of corporations whose business functions are similar or supplementary;
4. directors and officers of one corporation act independently in the interest of that corporation;
5. corporation financing another corporation;
6. inadequate capitalization ("thin incorporation");
7. corporation causing the incorporation of another affiliated corporation;
8. corporation paying the salaries and other expenses or losses of another corporation;
9. receiving no business other than that given to it by its affiliated corporations;
10. corporation using the property of another corporation as its own;
11. noncompliance with corporate formalities;
12. common employees;
13. services rendered by the employees of one corporation on behalf of another corporation;
14. common offices;
15. centralized accounting;
16. undocumented transfers of funds between corporations;
17. unclear allocation of profits and losses between corporations; and
18. excessive fragmentation of a single enterprise into separate corporations.
These factors are similar to factors that have been used in Louisiana "piercing the veil" cases. This list is illustrative and is not intended as an exhaustive list of relevant factors. No one factor is dispositive of the issue of "single business enterprise."
Green v. Champion Ins. Co., 577 So.2d at 257-258.
With respect to the concept of "piercing the corporate veil" to reach the alter ego, factors courts consider when determining whether to apply the alter ego doctrine include, but are not limited to:
1. commingling of corporate and shareholder funds;
2. failure to follow statutory formalities for incorporating and transacting corporate affairs;
3. under-capitalization;

*739 4. failure to provide separate bank accounts and bookkeeping records; and
5. failure to hold regular shareholder and director meetings.
Riggins v. Dixie Shoring Co., Inc., 590 So.2d at 1168.
In Riggins, the plaintiffs were homeowners who brought suit for damages arising out of the deficient performance of a contract to jack and level their home. When Dixie Shoring Company, Inc., the corporation which executed the contract with the plaintiffs, filed for bankruptcy, the plaintiffs attempted to impose liability on the shareholders of the corporation by piercing the corporate veil. In determining whether shareholder liability would be imposed, the court recognized that one of the primary components which justifies piercing the corporate veil is the use of the corporate form in the defrauding of creditors. Riggins v. Dixie Shoring Co., Inc., 590 So.2d at 1169. The court determined that the fraud element was not present and noted that there were no allegations of fraud in the pleadings. A consideration was then made of the above enumerated factors and the court instructed that when a party seeks to pierce the corporate veil, the totality of the circumstances is determinative. Id. After analyzing these factors in light of the evidence pertaining to the corporation's operations, the court concluded that the corporate veil should not be pierced, thereby protecting the shareholders from liability.
In the present case, Doctors asserts that since this case involves a contractual dispute rather than a dispute involving tortious conduct, the issue of whether the corporate veil should be pierced is not reached unless fraud is established. Doctors contends that in the absence of fraud allegations, the alter ego doctrine cannot be invoked to preclude summary judgment. Doctors' contention is not supported by Louisiana jurisprudence. The Riggins case establishes that even in situations where there has been no proof of fraud, or allegations of fraud, a court may still apply the "totality of the circumstances" test to determine whether the corporate veil should be pierced. See also Harris v. Best of America, Inc., 466 So.2d 1309, 1315-1317 (La.App. 1st Cir.), writ denied, 470 So.2d 121 (La.1985), wherein the court, in the absence of allegations of fraud, applied the "totality of the circumstances" test in determining whether the corporate veil should be pierced in a dispute involving a construction contract. Accordingly, we find this court must consider the alter ego doctrine in determining whether Doctors is entitled to summary judgment.
In this case, Pine Tree has alleged that Doctors conducts business in this state in the name of SRI, uses SRI as a shield for liability and that SRI is the alter ego of Doctors. In order for Doctors to prevail on its motion for summary judgment, it must establish that there are no material issues of fact regarding the numerous factors to be considered in determining whether the alter ego doctrine should be applied pursuant to either the "single business enterprise" theory or the "piercing the corporate veil" theory as addressed in Green and Riggins, respectively. A genuine issue of fact exists where factual allegations are made and are not answered by the mover for summary judgment. Giddings v. John Hearnsberger Company, 403 So.2d 849, 850 (La.App. 2d Cir.1981). Based on the record, we find that Doctors has not met its burden in responding to the factual allegations raised by Pine Tree and that numerous issues of material fact exist.
Although the articles of incorporation and other corporate reports filed by Doctors evidence that Doctors and SRI apparently complied with corporate statutory formalities during the time period in question, the corporate reports also establish that regular shareholder and director meetings were not held. The tax returns of SRI, which reflect that SRI reported it owned no assets during 1989 and 1990, raise the question of whether SRI was in fact undercapitalized. The record establishes that the shareholders of Doctors and SRI are the same two people and that Doctors and SRI have many common officers and directors. However, the record does not contain evidence addressing whether the administrative controls of the corporations are unified, whether Doctors caused the incorporation of SRI, whether Doctors pays the salaries and other expenses or losses of *740 SRI, whether SRI receives business from companies other than Doctors, whether SRI and Doctors use each other's properties, whether they share common offices, employees and other business services, or whether the corporations have centralized accounting. We find that the absence of this information creates numerous material issues of fact regarding whether, in terms of structure, finance, and operations, these corporations were operated as separate entities.
For the above reasons, we find that the trial court erred in granting Doctors' motion for summary judgment. We reverse the judgment of the trial court and remand this matter for further proceedings consistent with this opinion. All costs of this appeal are to be paid by appellee, Doctors' Associates, Inc.
REVERSED AND REMANDED.
NOTES
[1] A motion to strike filed by Doctors, requesting that the allegations in Pine Tree's petition which demand treble damages pursuant to the Unfair Trade Practices and Consumer Protection Law, La.R.S. 51:1401 et seq., be struck was also granted. Plaintiff has not assigned error to this ruling.