690 So.2d 255 (1997)
In re NEW ORLEANS TRAIN CAR LEAKAGE FIRE LITIGATION.
No. 96-C-1677.
Court of Appeal of Louisiana, Fourth Circuit.
March 5, 1997.
*256 Benj. R. Slater, Jr., Benj. R. Slater, III, Mark E. Van Horn, Donald J. Miester, Jr., New Orleans, for Norfolk Southern Corporation and Norfolk Southern Railway Company/Relators.
Henry T. Dart, Metairie, for Plaintiff Management Committee/Respondent.
Before CIACCIO, LOBRANO, ARMSTRONG, PLOTKIN and LANDRIEU, JJ.
CIACCIO, Judge.
On the application of defendants, Norfolk Southern Corporation and Norfolk Southern Railway Company, we grant certiorari to consider whether the trial court erred in denying defendants' motion for summary judgment.
This class action litigation arises from a railway tank car fire which occurred on September 9, 1987 at approximately 1:50 a.m. in New Orleans, Louisiana. The tank car in question had been delivered by a New Orleans Terminal crew to the CSXT interchange. The tank car began leaking butadiene during the late night hours of September 8, 1987. A fire erupted from the tank car in the early morning hours of September 9, 1987. A class action suit was instituted seeking recovery for damages sustained as a result of the fire. Norfolk Southern Corporation and Norfolk Southern Railway Company were added as defendants in the plaintiffs' amended and supplemental petition. The plaintiffs alleged that Norfolk Southern Corporation and Norfolk Southern Railway Company and their subsidiary companies, the Alabama Great Southern Railroad Company and New Orleans Terminal Company, had interlocking personnel and operations. Alabama Great Southern Railroad Company and New Orleans Terminal Company were alleged to be negligent in the failure to observe that the tank car was leaking and to remove the tank car from the heavily populated area.
Defendants filed a motion for summary judgment arguing that, as they were not involved in the alleged negligent acts of their subsidiary companies, Alabama Great Southern Railroad and New Orleans Terminal Company, they should be dismissed from the action. In denying defendants' motion for summary judgment, the trial court stated:
Norfolk Southern Corporation and Norfolk Southern Railway Company seek Summary Judgment on the basis that they are the parent and holding company for the Alabama Great Southern Railroad Company and had nothing to do whatsoever with the alleged negligent acts of the Alabama Great Southern Railroad.
Although the Court has grave doubt that the plaintiffs can pierce the corporate veil, in view of the First Circuit decision in Pine Tree Associates v. Doctors' Associates, Inc., 94 CA 1193, 654 So.2d 735 (1 Cir. 1995), the Court is constrained to deny the Summary Judgment because the various factors to be considered in determining whether the alter ego doctrine should be applied must be shown by the mover on the Motion for Summary Judgment that there is no genuine issue of material fact as to each one of these factors.
In seeking review of the trial court's denial of their motion for summary judgment, defendants argue that neither the alter ego doctrine nor the single enterprise theory apply in this case. In addition, defendants argue that the trial judge erred in concluding that on a motion for summary judgment they had the burden of proving there were no disputed issues of fact as to the existence of any factors which determine whether the alter ego doctrine is applicable in the instant case.
Corporations are generally recognized as distinct legal entities, separate from the individuals who comprise them. Riggins v. Dixie Shoring Company, Inc., 590 So.2d 1164 *257 (La.1991). The legal fiction of a distinct corporate entity may be disregarded when a corporation is so organized and controlled as to make it a mere instrumentality or adjunct of another corporation. If one corporation is wholly controlled by another, the fact that it is a separate entity does not relieve the latter from liability. In that situation, the former corporation is considered to be the alter ego or business conduit of the latter. Courts can pierce the veil of a corporation in order to reach the "alter egos" of the corporate defendant. Green v. Champion Insurance Company, 577 So.2d 249 (La.App. 1st Cir.1991), writ denied, 580 So.2d 668 (La.1991).
Where two or more corporations operate a single business, the courts have been unwilling to allow affiliated corporations that are not directly involved to escape liability simply because of the business fragmentation. Green; Lucey Manufacturing Corporation v. Oil City Iron Works, 15 La.App. 12, 131 So. 57 (La.App. 2nd Cir.1930). In addition to using a "piercing the veil" theory to disregard a corporate identity, the "single business enterprise" or "instrumentality" theory has been employed to extend liability beyond a separate entity. Green.
In Green, the court discussed the factors to be considered in the application of a "single business enterprise" theory.
When determining whether a corporation is an alter ego, agent, tool or instrumentality of another corporation, the court is required to look to the substance of the corporate structure rather than its form. The following factors have been used to support an argument that a group of entities constitute a "single business enterprise":
1. corporations with identity or substantial identity of ownership, that is, ownership of sufficient stock to give actual working control;
2. common directors or officers;
3. unified administrative control of corporations whose business functions are similar or supplementary;
4. directors and officers of one corporation act independently in the interest of that corporation;
5. corporation financing another corporation;
6. inadequate capitalization ("thin incorporation");
7. corporation causing the incorporation of another affiliated corporation;
8. corporation paying the salaries and other expenses or losses of another corporation;
9. receiving no business other than that given to it by its affiliated corporations;
10. corporation using the property of another corporation as its own;
11. noncompliance with corporate formalities;
12. common employees;
13. services rendered by the employees of one corporation on behalf of another corporation;
14. common offices;
15. centralized accounting;
16. undocumented transfer of funds between corporations;
17. unclear allocation of profits and losses between corporations; and
18. excessive fragmentation of a single enterprise into separate corporations.
These factors are similar to factors that have been used in Louisiana "piercing the veil" cases. This list is illustrative and is not intended as an exhaustive list of relevant factors. No one factor is dispositive of the issue of "single business enterprise."

Green, 577 So.2d at 257-258.
In Pine Tree Associates v. Doctors' Associates, Inc., 94-CA-1193 (La.App. 1st Cir. 4/7/95), 654 So.2d 735, writ denied, 95-1608 (La.10/6/95), 661 So.2d 467, the First Circuit also discussed the factors to consider when determining the applicability of the alter ego theory. The factors include, but are not limited to, (1) commingling of corporate and shareholder funds; (2) failure to follow statutory formalities for incorporating and transacting corporate affairs; (3) under-capitalization; (4) failure to provide separate bank accounts and bookkeeping records; and (5) failure to hold regular shareholder and director meetings.
*258 Appellate courts review summary judgments de novo. Schroeder v. Board of Supervisors of Louisiana State University, 591 So.2d 342, 345 (La.1991). An appellate court asks the same questions as does the trial court in determining whether summary judgment is appropriate: whether there is any genuine issue of material fact, and whether the mover is entitled to judgment as a matter of law. Oakley v. Thebault, 96-0937 (La. App. 4 Cir. 11/18/96), 684 So.2d 488. In determining whether an issue is "genuine," courts cannot consider the merits, make credibility determinations, evaluate testimony or weigh evidence. Id.
Procedurally, the court's first task on a motion for summary judgment is determining whether the moving party's supporting documentspleadings, deposition, answers to interrogatories, admissions and affidavitsare sufficient to resolve all material factual issues. LSA-C.C.P. art. 966(B).
If the court finds that a genuine issue of material fact exists, summary judgment must be rejected. Oakley, supra. Thus, the burden does not shift to the party opposing the summary judgment until the moving party first presents a prima facie case that no genuine issues of material fact exist. Id. At that point, the party opposing the motion must "make a showing sufficient to establish existence of proof of an element essential to his claim, action, or defense and on which he will bear the burden of proof at trial." LSA-C.C.P. art. 966(C).
Art. 966 was amended by Acts 1996, 1st Ex.Sess., No. 9, Sec. 1, eff. May 1, 1996, to provide summary judgment "is favored and shall be construed to accomplish these ends." LSA-C.C.P. art. 966(A)(2). This court has previously gone on record to say that the 1996 amendments to art. 966(C) do not change the existing law concerning genuine issues of material fact and burdens of proof applied to a summary judgment proceeding. See Daniel v. Blaine Kern Artists, Inc., 96-1348 (La.App. 4 Cir. 9/11/96), 681 So.2d 19; Walker v. Kroop, 96-0618 (La.App. 4 Cir. 7/24/96), 678 So.2d 580; Short v. Giffin, 96-0361 (La.App. 4 Cir. 8/21/96), 682 So.2d 249, 253. However, in Oakley, supra, we stated:
[T]he amendment did make a change in the law to the extent that it now proclaims that summary judgments are `favored' and thus the rules should be liberally applied, which requires courts to change their attitudes when reviewing motions for summary judgment from the attitudes required under the pre-amendment jurisprudence which proclaimed just the oppositethat summary judgments were not favored and thus should be strictly construed. The language of the amendment tracks the language of Federal Rule of Civil Procedure 56, and is designed to allow courts to decide whether enough evidence exists to go to trial, thus giving judges an opportunity to weed out meritless litigation.
684 So.2d at 490.
The Louisiana Supreme Court summarized the federal standard under Fed. Rule Civ. Proc. 56(c) in Sassone v. Elder, 626 So.2d 345 (La.1993), stating:
In the federal system, when the nonmoving party bears the burden of proof at trial, there is no genuine issue of material fact if the nonmoving party cannot come forward at the summary judgment stage with evidence of such sufficient quantity and quality for a reasonable juror to find the party can satisfy his substantive evidentiary burden. Celotex Corp. v. Catrett, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).
In support of their motion for summary judgment, defendants submitted the accident report from the National Transportation Safety Board, the depositions of Norfolk Southern Corporation and Norfolk Southern Railway Company's corporate representatives, the depositions of the New Orleans Terminal railroad personnel who transported tank car GATX 55996, and the affidavits of Dezora Martin, corporate secretary of Norfolk Southern Corporation, and Sandra Pierce, Norfolk Southern Railway Company's corporate secretary. The attached documentation demonstrated that neither Norfolk Southern Corporation nor Norfolk Southern Railway Company had contact with or custody of either tank car GATX 55996 or the interchange track where the accident occurred *259 at any time. In addition, defendants submitted Alabama Great Southern Railroad Company's incorporation papers dated June 19, 1877, which indicate that it has been in existence nearly one hundred and twenty years and is separate and distinct from Norfolk Southern Corporation and Norfolk Southern Railway Company.
In plaintiffs' memorandum in opposition to Norfolk Southern Corporation and Norfolk Southern Railway Company's motion for summary judgment, plaintiffs admit that they have made no specific allegations of direct negligence on the part of Norfolk Southern Corporation and Norfolk Southern Railway Company and state that their cause of action against defendants is based solely on the single business enterprise theory of liability as set forth in Green.
The ordinary rule of burden of proof is that one who claims the benefit of an exception to the general law must show that he or she comes within the exception. Aramburo v. Travelers Ins. Co., 426 So.2d 260, 261 (La.App. 4th Cir.1983), writ denied, 433 So.2d 161 (La.1983). Because plaintiffs are alleging liability based on the single enterprise theory or alter ego doctrine, an exception to the general rule that a corporation, as a juridical person, has a separate and distinct existence apart from its shareholders, officers, and related corporations, we find the trial judge made an error of law when he placed the burden on relators to prove on summary judgment that none of the factors set forth in Pine Tree Associates existed in the instant case, precluding the applicability of the alter ego doctrine. Defendant-relators supported their motion for summary judgment by showing that they are separate and distinct from Alabama Great Southern Railroad Company, thus satisfying their burden of proving the existence of separate corporate entities. The burden then shifted to the plaintiffs to show that exceptional circumstances and/or factors exist which establish a single enterprise among the corporations or satisfy the alter ego doctrine. See McDonough Marine Service v. Doucet, 95-2087 (La. App 1 Cir. 6/28/96), ___ So.2d ___ and Jones v. Briley, 593 So.2d 391, 394 (La.App. 1st Cir.1991).
In view of the 1996 amendment to LSA-C.C.P. art. 966 that summary judgment is favored, we remand the case to the trial court to reconsider defendants' motion for summary judgment, keeping in mind that, in this case, plaintiffs have the burden of proving facts necessary to establish the applicability of the alter ego doctrine or the existence of a single enterprise among the corporate defendants.
Accordingly, for the above reasons, we vacate the ruling of the trial court denying defendants' motion for summary judgment and remand the case for further proceedings in conformity with the reasons set forth herein.
JUDGMENT VACATED AND REMANDED.
ARMSTRONG, J., dissents.
ARMSTRONG, Judge, dissenting.
I would deny the writ on the showing made.