JACHARLES R. JONES, Judge.
The Appellant, C. Napco, Inc. (hereinafter “Napco”), appeals the judgment of the district court casting Napco in judgment for the liability found against L.M.J.D., Inc. (hereinafter “LMJD”). The Appellee, Mr. Matthew Berg, sought to enforce a judgment against Napco pursuant to the “single business enterprise” theory. We affirm.
The facts and procedural history in the underlying case are set forth in Berg v. Zummo, 2000-1699 (La.4/25/01) 786 So.2d 708.
DISCUSSION
Although Napco raises several errors by the district court, essentially it’s complaint centers around whether the district court properly interpreted the “single business theory” propounded in In Re: New Orleans-Train Car Leakage, 690 So.2d 255, 257 (La.App. 4 Cir.1997). Thus, all issues raised in this appeal will be incorporated in the discussion of the district court’s application of the “single business enterprise” theory.
In In Re: New Orleans Train Car Leakage, this Court followed factors to be considered in the application of a “single business enterprise” as set forth in Green v. Champion Insurance Company, 577 So.2d 249 (La.App. 1st Cir.1991). The factors include:
1. corporations with identity or substantial identity of ownership, that is, ownership of sufficient stock to give actual working control;
2. common directors or officers;
3. unified administrative control of corporations whose business functions are similar or supplementary;
4. directors and officers of one corporation act independently in the interest of that corporation;
5. corporation financing another corporation;
6. inadequate capitalization (“thin incorporation”);
7. corporation causing the incorporation of another affiliated corpora1 tion;
8. corporation paying the salaries and other expenses or losses of another corporation;
9. receiving no business other than that given to it by its affiliated corporations;
10. corporation using the property of another corporation as its own;
11. noncompliance with corporate formalities;
12. common employees;
13. services rendered by the employees of one corporation on behalf of another corporation;
14. common offices;
15. centralized accounting;
*1225 16. undocumented transfer of funds between corporations;
17. unclear allocation of profits and losses between corporations; and
18. excessive fragmentation of a single enterprise into separate corporations.
In Re: New Orleans Train Car Leakage, 690 So.2d 255, 257 (La.App. 4 Cir.1997)
This list is illustrative and is not intended as an exhaustive list of relevant factors. No one factor is dispositive of the issue of “single business enterprise.” Id. Thus, inferably, it is not required that every factor of the list be satisfied to justify a finding of a “single business enterprise.”
Considering the factors, the record contains sufficient evidence for the district court to have found that the affiliated entities operated a single business enterprise. In its Reasons for Judgment, the district court effectively summarized | sthe relationship of the entities, and provided a sound basis for its decision by stating the following:
... Counsel for Mr. Berg aver that C. Napco, which owns the leased property known as “The Boot”, operated as a “Single Business Enterprise”. This contention is based on the fact that the corporations have a substantial identity of ownership in addition to having common directors and officers. C. Napco is owned 50% by Nancy Napoli and 25% each by Craig Napoli and Aline Napoli. Craig and Aline Napoli each own 50% of LMJD. Craig and Aline Napoli each simultaneously served as members of the Board of Directors of both companies. The directors failed to act independently in the best interest of the individual companies. The directors acted in the best interest of the companies as a whole. This was demonstrated when C. Napco failed to penalize LMJD for terminating the lease seven months before
its expiration. Acting on behalf of LMJD, Craig and Aline Napoli surrendered the premises, equipment and trade name “The Boot” without any consideration for the relinquishment of the company’s rights to the property. Additionally, Aline Napoli served as the accountant for both of the companies.
Within days of the June 3, 1998, judgment, LMJD terminated its lease with C. Napco, for the premises, equipment, and use of the name “The Boot”. C. Napco accepted the termination of the lease without attempting to enforce penalties upon LMJD for early termination of the lease as provided for in the lease agreement. On June 12, 1998, C. Napco and CJN, Inc. (a corporation owned by Charles Napoli, Sr.) entered into a lease for The Boot. On October 14, 1998, LMJD filed for Chapter 7 protection in the Bankruptcy Court for the Eastern District of Louisiana.
The district court reasoned that Napco was the dominant or parent company of LMJD. Although these business entities were separately incorporated, the district court found that Napco and LMJD were a single corporation based on Napco’s management of LMJD, and that they had interlocking directorates. Therefore, the district court correctly held that Napco was the dominant or parent corporation liable for the obligations of its branch since justice required the ^protection of the rights of a third person, in accordance with Green v. Champion Insurance Company, 577 So.2d 249 (La.App. 1st Cir.1991), citing, Johnson v. Kinchen, 160 So.2d 296, 298 (La.App. 1st Cir.1964). The district court further reasoned that:
... Justice so requires such a finding in this case.
Each of the steps taken by LMJD, from the date of the judgment by the trial court, have [sic] all been taken in *1226 an effort to deprive this victim of his just compensation. It is the Court’s opinion that the only reason for the bankruptcy was to improperly and unfairly deny this victim who had looked to the civil justice system of that which even the Louisiana State Supreme Court found to be just. The behavior of C. Napco and LMJD was highly suspect and visibly transparent.... Consequently, the Court finds that C. Napco, Inc. and L.M.J.D., Inc. were a “single business enterprise”.
We agree with the reasoning of the district court. Clearly, the district court did not err in finding that C. Napco, Inc., and L.M.J.D were a single business enterprise.

DECREE

For the reasons stated herein, we affirm the judgment of the district court.

AFFIRMED.